ANTONIA FORTIS ESTRELLA ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 853. Submitted July 18, 1931.—Decided February 10, 1932.

90

*Edelmiro Rivera Martínez* for appellants. The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Forty-four persons, consisting of the children, grandchildren, and great-grandchildren of Josefa Estrella Torres, instituted dominion title proceedings and were adjudged to be the owners by inheritance of a property that had belonged to said Josefa Estrella Torres and was located in the municipal district of Orocovis.

On presentation of said adjudication for record in the proper registry of property, the registrar recorded the same but subject to the curable defect of a failure to express either in the judgment entered in the dominion title proceeding or in the accompanying declaration of heirship, the date of the death of the ascendants represented in the Succession of Josefa Estrella by her grandchildren and great-grandchildren. Said defect would be incurable if it appeared that the said ascendants did not survive Josefa Estrella, because in such a case there would be no right of representation, and because it would be necessary then to prove the payment or exemption from payment of the tax on the respective inheritances or successions.

The petitioners appealed from the above decision to this Court, which reversed the same for the reason that it was beyond the power of the registrar to pass upon the merits of the judgment sought to be recorded, and the declaration of ownership was recorded without any defect in the registry. *Heirs of. Estrella* v. *Registrar*, 41 P. R. R. 751.

At this stage, the forty-four persons referred to proceeded to partition the property of which they had been declared to be the owners, entitling the instrument of partition: "Division of the estate left at her death by Josefa Estrella," and presented it for record in the registry. The registrar refused to record it as to the properties numbered 11, 1, 7 and 12, on the ground that Arturo Santiago Fortis, one of the co-owners, had not consented to the partition; because it did not appear that several of the minors were duly represented; and because, notwithstanding several of the portions allotted exceeded the sum of $200, the payment or exemption from payment of the inheritance tax fixed by law had not been shown.

The interested parties again resorted to the registry and exhibited the declaration of heirship of Arturo Santiago Fortis, a certificate from the clerk of the District Court of Ponce regarding the representation of the minors who participated in the division, and a certificate of the Treasurer of Puerto Rico from which it appeared that the death certificate of Josefa Estrella issued on February 1, 1931, was returned by said officer without considering it because the ancestor had died in 1894 and the inheritance tax law became effective in January, 1901. The registrar refused to make final the record of the cautionary notice "because notwithstanding the documents referred to . . . . there subsists the third ground which prevented the record, as the aforesaid certificate of the Assistant Treasurer of Puerto Rico fails to show either the payment, or exemption from payment of the tax on the inheritance belonging to María Socorro Fortis, María Camila Fortis, Francisca Fortis Estrella, and María del Carmen Fortis Rivera; and there subsist also the objections set forth in the denial of the record of the shares pertaining to the surviving husbands, respectively, of María Socorro Fortis, María Camila Fortis, Severiana Fortis, and María del Carmen Fortis Rivera.

Thereupon the said parties brought the present adminis-

trative appeal. In their brief they claim that the instant case is controlled by the decision in *Heirs of Estrella* v. *Registrar, supra.* The answer of the registrar is that he is not now passing upon a judicial decision but upon the report of the commissioner (*contador-partidor*).

A careful consideration of the questions involved and of the applicable law leads us to the conclusion that from a strict construction of the law the registrar's viewpoint is perhaps the correct one. But as the property in controversy was recorded as undivided common property in the name of the heirs of Josefa Estrella without being subject to any defect, by virtue of the order of this Court in the aforesaid case of *Heirs of Estrella* v. *Registrar, supra,* said heirs are entitled to partition the property among themselves, and this is just what took place in the partition the record of which was partially refused by the registrar.

The difference in the viewpoints of the appellants and of the registrar consists in that the former maintain that there is involved herein only the estate of Josefa Estrella who died in 1894, which estate was decreed by the District Court of Ponce, in 1929, to pass directly to her children, grandchildren, and great-grandchildren; while the latter insists that that could not be done because among the persons who were adjudged heirs there are some who can not be heirs by right of representation. But the real fact is that, right or wrong, they were declared to be heirs, and that the judicial order so decreeing served as the basis for the dominion title proceeding which, together with the said order, was finally recorded in the registry without being subject to the defects noted by the registrar. The case of the appellants is made still stronger by the attitude adopted by the Treasurer of Puerto Rico himself in admitting that what is involved is the transmission of an inheritance dating from November 4, 1894.

It seems advisable to add, after examining the case of *Fortis* v. *Fortis,* 25 P.R.R. 64, cited by the registrar himself, that perhaps the true situation in the instant case is that the immediate ancestors of the appellants did not actually enjoy the inheritance from Josefa Estrella which passed in fact directly to the appellants.

By virtue of the foregoing, the decision appealed from must be reversed and the record sought ordered.